THIS IS AN OMNIBUS OBJECTION MADE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007. PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007(e)(1), CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS IN THIS OBJECTION. A CROSS-REFERENCE IS FOUND IN SECTION IV OF THIS OBJECTION.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30132 |
| | ) | (Chapter 11) |
| CHRISTOPHER WAYNE GLENN | ) | |
| | ) | |
| Debtor. | ) | |

**OMNIBUS OBJECTION TO CLAIMS OF JPMORGAN CHASE BANK, N.A. (#2, #3); MCCODY CONCRETE PRODUCTS (#5); CM HEAVYMACHINERY, LLC (#6); UNITED RENTALS (NORTH AMERICA), INC. (#14); AND AIRGAS USA, LLC (#17, #18); FOR FAILURE TO ATTACH COPIES OF WRITINGS SUPPORTING CLAIMS OR, ALTERNATIVELY, STATEMENTS SUPPORTING THE CIRCUMSTANCES UNDER WHICH SUCH WRITINGS HAVE BEEN LOST OR DESTROYED**

Comes now Christopher Wayne Glenn ("Mr. Glenn" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 3007, and objects to allowance of (i) two of the three proofs of claim filed by JPMorgan Chase Bank, N.A., as found at entries #2 and #3 in the claims register;[1] (ii) the claim of McCody Concrete Products, as found at entry #5 in the claims register; (iii) the claim of CM Heavymachinery, LLC, as found at entry #6 in the claims register; (iv) the claim of United Rentals (North America), Inc., as found at entry #14 in the claims register; and (v) two of the three claims of Airgas USA, LLC, as found at entries #17 and #18 in the claims register,[2] and in support thereof states as follows:

---

[1] JPMorgan has filed a third proof of claim, as found at entry #4 in the claims register. The Debtor does *not* object to the allowance of this proof of claim, which is clearly correlative to a personal credit card used by the Debtor, and which is for a sum the Debtor believes to be accurate.

[2] Mr. Glenn is also objecting to the third claim of Airgas USA, LLC, on the basis that it was not timely filed. Such is not properly considered in the prism of this omnibus objection, under Federal Rule of Bankruptcy Procedure 3007, however, so that objection is being separately lodged.

1

I.     **Introduction**

Mr. Glenn and his non-filing spouse are the former owners of Silver Fox Energy ("Silver Fox"), with a majority – albeit not the whole – of their equitable interests therein having been diluted in favor of a third party on or about January 1, 2022.[3] Mr. Glenn is cognizant that (i) he guaranteed a large number of corporate obligations prior to the dilution event; (ii) despite a contractual obligation to the contrary, the company may not have thereafter relieved him of said guarantees; and (iii) he, accordingly, may have personal obligations attendant to various company debts. Mr. Glenn does not, however, have records of these guarantees, and thusly scheduled myriad creditors herein as being disputed and/or contingent, in an effort to ensure broad notice of this case was disseminated, but also reserving his right to contest any guarantee-centric claims that may arise.

With the claims bar date for non-governmental actors having now passed, Mr. Glenn is objecting to each guarantee-centric claim that is unaccompanied by paperwork showing the underlying guarantee, except for those where he knows a guarantee to, in fact, be extant. Governing rules require a claim based upon a writing to be accompanied by a copy of the subject writing; each of the claims objected to herein (collectively, the "Claims") is unsupported by a copy of the relevant guarantee and thusly meritorious of objection.

To be sure, Mr. Glenn sincerely doubts that various obligations are actually subject to guarantees. This objection is not interposed to elevate form over substance; it is interposed because there is a genuine concern that the instant estate not be burdened by one or more obligations lacking

---

[3] As is pertinent to other claims in this case, which are not the subject of this omnibus objection, there are multiple "Silver Fox" entities. The reference to "Silver Fox" herein is generalized without prejudice to the legal distinctions that inform the allowance, *vel non*, of other claims where (i) one "Silver Fox" entity had its obligations guaranteed by Mr. Glenn; and (ii) another "Silver Fox" entity then proceeded to acquire goods or services following the dilution event.

2

a proper legal foundation. To the extent creditors can provide a copy of the subject guarantee, and merely amend their correlative claim(s), Mr. Glenn recognizes this objection will not proceed as against any such amended claim[4] and, rather, a review of the guarantee paperwork will then drive consideration of whether or not a successive claim objection is appropriate.

**II.     Standard**

As previously observed by this Honorable Court, "Section 502 of the Bankruptcy Code governs the allowance of claims and interests. A filed proof of claim is deemed allowed unless a party in interest objects." *In re Midwest Agri Dev. Corp.*, 2007 WL 4868309, at *1 (Bankr. D.N.D. 2007) (citing 11 U.S.C. § 502(a)). Further:

> …once a proof of claim is filed it is prima facie evidence of the claim's validity and amount, and the claim is deemed allowed if there is no objection. "If an objection to the claim is made, the court, after notice and a hearing, must determine the amount of the claim fixed as of the date of the petition." "Bankruptcy Rule 3001(f) places the burden of producing some evidence to rebut the presumption of validity on the objecting party." "If this burden of production is met, the ultimate burden of persuasion as to the allowability of the claim resides with the creditor."

*In re Racing Services, Inc*., 595 B.R. 334, 353 (Bankr. D.N.D. 2018), aff'd, 617 B.R. 641 (D.N.D. 2020), aff'd, 854 Fed. Appx. 777 (8th Cir. 2021) (citing and quoting *In re Tanner*, 2013 WL 2318848, at *4 (Bankr. N.D. Iowa 2013) (citing *In re Be-Mac Transp., Co*., 83 F.3d 1020, 1025 (8th Cir. 1996); *In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. BAP 2004))).

---

[4] *See, e.g.*, *In re Edwards*, 2013 WL 4816509, at *4 (Bankr. W.D. Mo. 2013) ("…typically, the filing of an amended claim after an objection moots the original objection.); *In re Angwin*, 2009 WL 9084777, at *1 (Bankr. E.D. Cal. 2009) ("On April 17, 2009, the debtor filed an objection to Claim Nos. 4 and 7. On May 18, 2009, B–Real filed another amended claim, Claim No. 10, adding more documents. On May 28, 2009, the objection having been rendered moot by the May 18 proof of claim, the debtor withdrew her objection to Claim Nos. 4 and 7."); *In re Milano*, 2012 WL 1965661, at *7 (Bankr. N.D. Ohio 2012) ("Upon review of the record, it appears that CIT filed an amended claim, designated 8–4, on February 21, 2012, thereby rendering the objection to claim 8–3 moot. Debtors have not lodged an objection to amended claim 8–4. Consequently, there is no dispute before the court.").

Once an objection to a proof of claim is lodged, "[a]s a rebuttal to the Debtors' objection in this case, the claimant must at least establish that a claim exists." *Matter of Interco Inc.*, 137 B.R. 1002, 1002 (Bankr. E.D. Mo. 1992).

**III.    Argument: The Claimants Must Provide Supporting Documentation**

While the Claims provide varying degrees of detail as to how much money is putatively owed, and the foundation for the calculation of that alleged debt, none of the Claims actually contain a copy of a guarantee showing Mr. Glenn to be obligated thereupon. These are all debts clearly owed by Silver Fox, and none of the Claims appear to have been incurred in Mr. Glenn's own name. There is thusly a need, under governing rules, to establish what – if any – written guarantee serves to transmute a debt of Silver Fox into a joint debt of Silver Fox and Mr. Glenn.

The Federal Rules of Bankruptcy Procedure provide that "when a claim … is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed. R. Bankr. P. 3001(c)(1).[5]

In turn, an omnibus objection is permitted where claims "…were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d)(6).

Here, by failing to attach the writings upon which each alleged obligation is based, the creditors whose Claims are subject to this objection have failed to present those Claims in a form that is compliant with applicable rules. And this has left Mr. Glenn without the ability to ascertain whether or not he is genuinely obligated on the correlative debts.

---

[5] There is an exception to this provision for consumer debts. Fed. R. Bankr. P. 3001(c)(1, 3). None of the Claims objected to herein appear to be of a consumer variety.

4

### IV. Rule 3007 Requirements

Pursuant to Federal Rule of Bankruptcy Procedure 3007(e), Mr. Glenn sets forth the following information concerning the Claims objected to herein:

| Claimant | Claim Number | Grounds of Objection | Pages Pertinent to Grounds |
|---|---|---|---|
| Airgas USA, LLC | 17 | Lack of writing upon which claim is based or statement concerning loss/destruction | *Passim* |
| Airgas USA, LLC | 18 | Lack of writing upon which claim is based or statement concerning loss/destruction | *Passim* |
| CM Heavymachinery, LLC | 6 | Lack of writing upon which claim is based or statement concerning loss/destruction | *Passim* |
| JPMorgan Chase Bank, N.A. | 2 | Lack of writing upon which claim is based or statement concerning loss/destruction | *Passim* |
| JPMorgan Chase Bank, N.A. | 3 | Lack of writing upon which claim is based or statement concerning loss/destruction | *Passim* |
| Mccody Concrete Products | 5 | Lack of writing upon which claim is based or statement concerning loss/destruction | *Passim* |
| United Rentals (North America), Inc. | 14 | Lack of writing upon which claim is based or statement concerning loss/destruction | *Passim* |

### V. Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) disallow the Claims; and (ii) afford such other and further relief as may be just and proper.

**[SIGNATURE AND CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated: July 7, 2023 | By: | /s/ Maurice B. VerStandig |
|  |  | Maurice B. VerStandig, Esq. |
|  |  | The Dakota Bankruptcy Firm |
|  |  | 1630 1st Avenue N |
|  |  | Suite B PMB 24 |
|  |  | Fargo, North Dakota 58102-4246 |
|  |  | Phone: (701) 394-3215 |
|  |  | mac@dakotabankruptcy.com |
|  |  | *Counsel for the Debtor* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of July, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being thereby sent to:

Sarah J. Wencil, Esq.
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415
sarah.j.wencil@usdoj.gov
*Counsel for the US Trustee*

Thomas Kapusta, Esq.
P.O. Box 90624
Sioux Falls, South Dakota 57109
tkapusta@aol.com
*Subchapter V Trustee*

Douglas W. Murch, Esq.
CONMY FESTE LTD.
P.O. Box 2686
Fargo, North Dakota 58108-2686
dmurch@conmylaw.com
*Counsel for Ford Motor Credit Company LLC*

Katelyn Krabbenhoft, Esq.
HALLIDAY, WATKINS & MANN, P.C.
376 East 400 South, Suite 300
Salt Lake City, Utah 84111
*Counsel for Wells Fargo Bank, N.A.*

      I FURTHER CERTIFY that on this 7th day of July, 2023, a copy of the foregoing was served via U.S. Mail, postage prepaid, upon:

Robertson, Anschutz, Schneid, Crane & Partners, PLLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487

McCody Concrete Products
PO Box 4005
Williston, ND 58802

CM Heavymachinery, LLC
111097 OK −27
Okemah, OK 74859

United Rentals (North America), Inc.
C/O CRF Solutions
PO Box 1389
Simi Valley, CA 93062

Airgas USA, LLC
110 West 7th St.
Suite 1400
Tulsa, OK 74119

                                                /s/ Maurice B. VerStandig
                                                Maurice B. VerStandig