UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA
FARGO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Christopher Wayne Glenn, | ) | Case No. 23-30132 |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**JPMORGAN CHASE BANK, N.A. S/B/M/T CHASE BANK USA, N.A.'S RESPONSE IN OPPOSITION TO DEBTOR'S OBJECTION TO CLAIMS #2 & #3**

**COMES NOW**, JPMORGAN CHASE BANK, N.A. S/B/M/T CHASE BANK USA, N.A. (hereinafter "Chase"), by and through undersigned counsel, responds in Opposition to Omnibus Objection to Claims 2,3,5,6,14,17,18, but specifically, Claims 2 and 3 (hereinafter "the Objection") (DE #42) as follows:

1. On April 24, 2023, Debtor Christopher Wayne Glenn (hereinafter "Debtor") filed a voluntary petition with the Court.

2. On or about May 10, 2023, Chase timely filed Claims 2, 3, and 4 as entered on the claims register.

3. On or about July 7, 2023, Debtor filed an Omnibus Objection to Claims 2,3,5,6,14,17,18 (DE #42).

4. The Objection alleges (1) Chase failed to attach copies of writing supporting claims (2) Chase failed to present those Claims in a form that is compliant with applicable rules (3) Debtor seeks to disallow the claims as filed.

5. Chase's Claims 2 and 3 fully comply with all requirements of F.R.B.P. 3001 and constitute prima facie evidence of the validity and amount of the claim.

6. A claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claim's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the claim. The objector must produce evidence equal in force to the prima facie case. The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. <u>In re Fairfield</u>, 455 B.R. 849, 853 (Bankr. E.D. Pa. 2011).

7. Debtor asserts that the since the accounts are believed not be consumer debts based on an open end or revolving consumer credit agreement that the claim is not in compliance with F.R.B.P. 3001(c).

8. Debtor has not provided facts or evidence to distinguish that the debts are not consumer debts and Chase thereby demands proof thereof.

9. Chase asserts that the Debtor is personally liable on the accounts and offers copies of the credit card applications in Debtor's name. Each application shows both the last 4 digits of the account numbers in addition to the last 4 digits of Debtor's SSN. *See* Exhibit "A" attached hereto and incorporated herein by reference.

10. Further supporting Debtor's personal liability are the card member agreements, business card agreements, and additional card statements. *See* Exhibit "B" attached hereto and incorporated herein by reference.

11. According to the terms of the Card Member Agreement detailed in the Customer Friendly Booklet, specifically under the *Legal Responsibility* section, the relevant portion states in part, "You are legally obligated to pay for all purchases, cash advances, and all fees and charges incurred on the account, from the opening of the account. You are liable for all amounts incurred by any authorized user…"

12. F.R.B.P. 3001(c)(3)(A) specifically outlines the necessary information to support a proof of claim. This Rule states:

> When a claim is based on an open-end or revolving consumer credit agreement – except one for which a security interest is claimed in the debtor's real property – a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
> (i) The name of the entity from whom the creditor purchased the account;
> (ii) The name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
> (iii) The date of an account holder's last transaction;
> (iv) The date of the last payment on the account; and
> (v) The date on which the account was charged to profit and loss.

13. Chase's Claims 2 and 3 were timely filed and includes all of the information required by F.R.B.P. 3001(c)(3)(A). Chase's Claims 2 and 3 show: (1) Chase did not purchase the accounts from another entity; (2) the debts at the time of the last transactions are owed to Chase; (3) the dates of the last transactions are April 19, 2022 and April 23, 2023 respectively; (4) the date of the last payments on both accounts is March 20, 2023. Accordingly, Chase's Claims 2 and 3 are entitled to prima facie validity pursuant to F.R.B.P. 3001(f).

14. The Debtor offers no evidence or information to support the bare allegation that the claims should be disallowed and that the debtor is not personally liable.

15. Debtor's objection, as filed, does not deny that Debtor guaranteed a large number of corporate obligations but simply admits that debtor does not have a record of these personal guarantees.

16. Chase's claims as filed represent prima facie validity of the claim to which Debtor has not overcome.

17. Chase reserves the right to amend its response.

**WHEREFORE**, Chase respectfully requests that this Honorable Court overrules Debtor's objection and allows Chase's Proofs of Claims as filed so as to preserve Chase's Claims, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**/s/ Kathryn A. Klein**
Kathryn A. Klein
Riezman Berger, P.C.
7700 Bonhomme Avenue, 7th Floor
St. Louis, Missouri 63105
(314) 727-0101
Fax (314) 727-1086
kak@riezmanberger.com

## **PROOF OF SERVICE**

      A true and correct copy of the foregoing has been sent by either electronic transmission or U.S. Mail on August 8, 2023 to:

Christopher Wayne Glenn
12548 24th St NW
Watford City, ND 58854

Maurice VerStandig
Attorney for Christopher Wayne Glenn
mac@mbvesq.com

Thomas Kapusta
tkapusta@aol.com

Robert B. Raschke
USTPRegion12.SX.ECF@usdoj.gov


                                              /s/Kathryn A. Klein