# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NORTH DAKOTA

In re:

Christopher Wayne Glenn                    Bankr. No. 23-30132

    Debtor.                                    Chapter 11

---

### ACTING US TRUSTEE OBJECTION TO SUBCHAPTER V PLAN

---

The Acting United States Trustee (UST) objects to the Chapter 11 Plan Smal Business Subchapter V filed by Debtor Christopher Wayne Glenn ("Plan") (Doc. No. 54). In support of her objections, she states the following:

1. The UST has standing to object under 28 U.S.C. § 586 and 11 U.S.C. § 307.

2. Subsection c (page 3 of 13) of the Plan indicates that the Debtor projects that he will continue to have income of $150,0000 per year for the next five years. As Mr. Glenn is no longer employed by Sliver Fox Energy, LLC, and he testified at the meeting of creditors that the Glenn, LLC value of $14,7000 listed on Schedule B was Mr. Glenn's 49% interest in $30,000 worth of cattle sold by Glenn, LLC. Mr. Glenn should provide information on the record that he can make the proposed plan payments and/or that Glenn, LLC can fund the plan payments.[1]

3. Section 1190(1)(C) requires that a subchapter V plan include projections. The Plan does not include projections. Given the substantial reduction in unsecured claims

---

[1] The Statement of Financial Affairs listed Glenn, LLC as "Oil and gas infrastructure work, purchase and sale of equipment and materials" and the Rule 2015.3 report (Doc. 33) supports this description, as well as the bank statements provided by the Debtor.

through claims reductions, an update on the amount of the projected income, expenses and plan payments to each class over the life of the Plan would make the Plan more informative.

4. In Article 3.02, the Plan should add language that after confirmation and in accordance with Article 8.06, the Debtor will pay any fees allowed by the Court within 5 days (or such number as the Debtor prefers) after the Order becomes final.

5. In Article 7 and 8.05, the UST is concerned that the default provisions granting a breach of contract right are not sufficient under Section 1191(b)(3)(B)(ii) ("the plan provides appropriate remedies, which may include the liquidation of nonexempt assets, to protect the holders of claims or interests in the event that the payments are not made."), because the Debtor's ability to generate future income is unproven with the loss of his prepetition employment.

6. In Article 8.06, the UST does not believe that the language identifying the subchapter V trustee as a disbursing agent and permitting the Debtor to petition the Court to appoint a new disbursing agent is correct under the law. Section 1194(b) specifies that the subchapter V trustee makes the payments under a non-consensual plan (unless a plan provides otherwise). Section 1183 authorizes the UST to appoint the trustee. The Plan's "preference" for trustees who already serve as trustee is well meaning, but not authorized under the Code.

7. Section 9.02 states that the Debtor will get the discharge after three years in a non-consensual plan. However, the Plan provides for payments over 5 years, and under Section 1192(1), the discharge should be entered after five years and the completion of all payments under the Plan.

8. The UST has shared these comments with the Debtor via email dated August 10, 2023, and the UST expects that several of these issues if not all will be resolved prior to the hearing.

WHEREFORE, the UST requests that the Court grant her objections herein and such other relief as appropriate.

Dated: August 18, 2023                        MARY R. JENSEN
                                                   Acting U.S. Trustee Region 12

                                                   /s/ Sarah J. Wencil
                                                   Sarah J. Wencil
                                                   Trial Attorney
                                                   IA Atty # 14014
                                                   Office of the United States Trustee
                                                   U.S. Courthouse
                                                   300 South Fourth Street
                                                   Minneapolis, MN 55415
                                                   (612) 334-1350

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

In re:

| | |
|---|---|
| **Christopher Wayne Glenn** | **Bankr. No. 23-30132** |
| **Debtor.** | **Chapter 11** |

## UNSWORN CERTIFICATE OF SERVICE

The undersigned declares under penalty of perjury that on August 18, 2023, I caused to filed electronically the following: Objection, thereby generating service by CM/ECF.

Executed on:    August 18, 2023

/s/ **Sarah J. Wencil**
**Sarah J. Wencil**
**Office of the United States Trustee**