IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30132 |
| | ) | (Chapter 11) |
| CHRISTOPHER WAYNE GLENN | ) | |
| | ) | |
| Debtor. | ) | |

### RESPONSE TO OBJECTIONS TO PLAN CONFIRMATION

Comes now Christopher Wayne Glenn ("Mr. Glenn" or the "Debtor"), by and through undersigned counsel, and in response to the (i) Objection of ACAR Leasing Ltd. d/b/a GM Financial Leasing to Confirmation of Debtor's Plan of Reorganization Dated July 24, 2023 (the "ACAR Objection," as found at DE #73, with the objecting party being known as "ACAR"); (ii) Acting US Trustee Objection to Subchapter V Plan (the "UST Objection," as found at DE #78, with the objecting party being known as the "UST"); and (iii) Objection to Plan (the "Nationstar Objection," as found at DE #79, with the objecting party being known as "Nationstar") states as follows:

**I.     Introduction**

The UST, ACAR and Nationstar have each presented thoughtful, reasoned objections to Mr. Glenn's proposed plan of reorganization (the "Plan," as found at DE #54). While the Debtor necessarily takes issue with one theory espoused in an objection, the majority of the contentions set forth in the parties' respective briefs merit more in the way of agreement than opposition. And, in recognition of such, set forth herein is a list of certain proposed amendments to the Plan, all of a clarifying and/or technical variety (and none of which would necessitate a re-balloting or resetting of the current confirmation hearing).

Mr. Glenn does respectfully oppose a single critique set forth in the ACAR Objection, inasmuch as he does not believe Class 1 necessitates subdivision. This point of disagreement is set

1

forth in greater detail *infra*. But Mr. Glenn otherwise embraces the arguments of the UST, ACAR and Nationstar, and uses this filing to propose means through which their insights may be adopted into the Plan for the benefit of all parties in interest.

**II.     Proposed Technical Amendments**

The three objections each raise points that merit technical amendment to the Plan. A redline of the Plan is attached hereto as Exhibit A, reflecting these proposed amendments. Pursuant to the allowances of Federal Rule of Bankruptcy Procedure 3019, Mr. Glenn respectfully submits that such amendments may be incorporated by either (i) adopting the amended plan as the controlling plan, and confirming such on the currently-scheduled confirmation hearing date; or (ii) inserting language into the confirmation order that effectuates each of these edits. Based on the objections – as well as other intervening occurrences – Mr. Glenn proposes as follows:

1.  The first sentence of Section 6.01 should be deleted and replaced as follows: "The Debtor assumes the executory contracts and unexpired leases set forth in lines 2.1 through 2.3 of Schedule G (as found at DE #34)." *See* ACAR Objection, DE #73, at ¶ 4.

2.  The following sentence should be inserted at the end of Section 6.01: "The Debtor will cure any and all unpaid lease payments, owed pursuant to leases assumed herein, on or before the Effective Date." *Id.* Mr. Glenn believes he has already cured any deficiency owed to ACAR, but nonetheless proposes this added language in an abundance of caution and in an effort to ensure conformity with Title 11 of the United States Code (the "Bankruptcy Code").

3.  In the last sentence of the third paragraph of Article 7 of the Plan, the words "September 1, 2028" should be deleted and replaced with "July 1, 2028." The treatment of Class 3 in Article 4 of the Plan should be deleted and replaced with "This claim will be paid through ordinary course lease payments made directly by the Debtor, in accord with the terms of the

underlying lease agreement." *See* ACAR Objection, DE #73, at ¶ 3. The Debtor's projections had inadvertently double-counted the claim of ACAR, assuming both that (i) regular lease payments would be made as part of the Debtor's ordinary budget; and (ii) the claim of ACAR would need to be paid under the Plan. Inasmuch as the Debtor is assuming the lease, committing to having cured (or curing) any deficiency, and making direct payments to ACAR on a forward-looking basis, Class 3 will not need to be paid through a disbursing agent and the Debtor will be able to complete his Plan payments earlier than projected. Also, as noted *infra*, an unrelated claim has been forgiven and is thusly no longer in need of treatment under the Plan.

4. The following language should be added at the end of Section 3.02 of the Plan: "Any allowed administrative expense claim will be paid directly by the Debtor within five (5) business days of an order allowing such claim becoming a final order. Any such claims paid by the Debtor prior to his first scheduled ordinary payment under this Plan shall be a credit against said payment." *See* UST Objection, DE #78, at ¶ 4.

5. In Section 8.05 of the Plan, after the words "as well as the right to seek recourse for breach of contract," the following words are inserted: "together with such remedies as this Honorable Court may deem just and proper, sitting as a court of equity." *See* UST Objection, DE #78, at ¶ 5. The residue of the subject sentence is left unaltered, with a semicolon now being appended to the word "equity."

6. The last sentence of Section 8.06 of the Plan should be deleted and replaced with the following verbiage: "Should the disbursing agent resign or otherwise become unavailable to fulfill such duties, the United States Trustee will petition this Honorable Court to appoint a new disbursing agent under this Plan." *See* UST Objection, DE #78, at ¶ 6.

7. Section 9.02 of the Plan should be deleted and replaced with the following language: "If the Debtor's Plan is confirmed under § 1191(b), confirmation of the Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure." *See* UST Objection, DE #78, at ¶ 7; Official Form 425A.

8. The following sentences should be inserted at the end of the treatment of Class 1 in Article 4 of the Plan: "The terms of the deeds of trust underlying these two obligations are not modified through this Plan. Any arrearages owed on either of these obligations, up to the sum of $1,092.51, shall be separately paid by the Debtor, to the correlative creditor, on or before the Effective Date." *See* ACAR Objection, DE #79, at §§ 8(2), 8(3), 8(4).

9. Mohela should be removed from Class 4 and not paid pursuant to the Plan, inasmuch as Mr. Glenn's student loans have been forgiven. *See* Letter, attached hereto as Exhibit B.

**III.     Argument: The Objections Should be Overruled and/or Overruled as Moot**

The foregoing proposed amendments – together with the projected budget and disbursement schedule separately filed by the Debtor (DE #86) – should resolve the whole of the UST Objection, the whole of the ACAR Objection, and the majority of the Nationstar Objection. As to the remaining issue raised by Nationstar, Mr. Glenn respectfully suggests such to be belied by governing law.

The Nationstar Objection argues Class 1 of the Plan should be subdivided since there are two separate creditors whose claims are secured by real property, and that the name of a creditor should be changed to reflect a transfer of the underlying claim. Vis a vis the name change, Mr. Glenn is thoroughly agnostic, and would note only that (i) the transfer occurred after the Plan was filed; (ii) the transfer is already noted on the docket (DE #72); and (iii) Mr. Glenn is paying his mortgage directly in a manner that does not appear to have been altered by the claim transfer.[1] A subdivision of Class 1, however, is neither necessary nor appropriate. The sole basis for this suggestion appears to be that there are two creditors in this class; by contrast, though, there are more than a dozen creditors in Class 4, and there is no dispute but that they are properly classified collectively.

The Bankruptcy Code provides, *inter alia*, "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a).

Here, the two claims in Class 1 are substantially similar to one another inasmuch as both are (i) wholly secured; (ii) secured against residential real property; (iii) in the style of a traditional consumer mortgage; and (iv) being treated identically under the Plan. The classification is thusly in accord with that permitted by Section 1122 of the Bankruptcy Code and should stand in its current form.

Mr. Glenn thusly urges the Nationstar Objection be overruled as to this single argument, with Class 1 being properly constituted in its present form.

---

[1] To the extent payments should go to a new servicing address in the future, Mr. Glenn asks only that he be informed where and how to now make payments.

## IV. Conclusion

WHEREFORE, Mr. Glenn respectfully prays this Honorable Court (i) permit amendment of the Plan, on the technical grounds set forth herein, either through the docketing of Exhibit A as a stand-alone amended plan or through the incorporation of such amendments into a confirmation order; (ii) overrule the UST Objection and ACAR Objection as moot; (iii) overrule the Nationstar objection on grounds of mootness and, as to the first argument set forth therein, on the merits; and (iv) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 27, 2023    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of August, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being thereby sent to:

Sarah J. Wencil, Esq.
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415
sarah.j.wencil@usdoj.gov
*Counsel for the US Trustee*

Thomas Kapusta, Esq.
P.O. Box 90624
Sioux Falls, South Dakota 57109
tkapusta@aol.com
*Subchapter V Trustee*

Douglas W. Murch, Esq.
CONMY FESTE LTD.
P.O. Box 2686
Fargo, North Dakota 58108-2686
dmurch@conmylaw.com
*Counsel for Ford Motor Credit Company LLC*

Katelyn Krabbenhoft, Esq.
HALLIDAY, WATKINS & MANN, P.C.
376 East 400 South, Suite 300
Salt Lake City, Utah 84111
*Counsel for Wells Fargo Bank, N.A.*

John M. Krings, Jr., Esq.
Kaler Doeling, PLLP
3429 Interstate Boulevard South
PO Box 9231
Fargo, North Dakota 58106-9231
*Counsel for Lighthouse Management Group Inc.*

Kathryn A. Klein, Esq.
Riezman Berger, P.C.
7700 Bonhomme Avenue, 7th Floor
St. Louis, Missouri 63105
*Counsel for JPMorgan Chase Bank, N.A.*

/s/ Maurice B. VerStandig
Maurice B. VerStandig