IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30132 |
| | ) | (Chapter 11) |
| CHRISTOPHER WAYNE GLENN | ) | |
| | ) | |
| Debtor. | ) | |

## OBJECTION TO CLAIM OF RDO EQUIPMENT CO. (#25)

Comes now Christopher Wayne Glenn ("Mr. Glenn" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 3007, and objects to allowance of the claim of RDO Equipment Co. ("RDO" or the "Claimant," with the underlying claim being found at entry #25 in the claims register and being known as the "Claim") and in support thereof states as follows:

### I. Introduction

RDO has late-filed a proof of claim without seeking leave of court to do so and, by necessary extrapolation, without making the showing requisite to permit such an untimely claim. In so doing, RDO has also asserted its Claim for "service invoices and finance charges," but only appended thereto a cumulative, non-detailed invoice submitted to Silver Fox Pipeline and Facility Services Inc. ("Silver Fox"), without any showing of why Mr. Glenn would be personally liable thereupon.

For these reasons, and as expounded upon *infra*, it is respectfully urged the Claim be disallowed.

### II. Standard

As previously observed by this Honorable Court, "Section 502 of the Bankruptcy Code governs the allowance of claims and interests. A filed proof of claim is deemed allowed unless a

1

party in interest objects." *In re Midwest Agri Dev. Corp.*, 2007 WL 4868309, at *1 (Bankr. D.N.D. 2007) (citing 11 U.S.C. § 502(a)). Further:

> …once a proof of claim is filed it is prima facie evidence of the claim's validity and amount, and the claim is deemed allowed if there is no objection. "If an objection to the claim is made, the court, after notice and a hearing, must determine the amount of the claim fixed as of the date of the petition." "Bankruptcy Rule 3001(f) places the burden of producing some evidence to rebut the presumption of validity on the objecting party." "If this burden of production is met, the ultimate burden of persuasion as to the allowability of the claim resides with the creditor."

*In re Racing Services, Inc.*, 595 B.R. 334, 353 (Bankr. D.N.D. 2018), aff'd, 617 B.R. 641 (D.N.D. 2020), aff'd, 854 Fed. Appx. 777 (8th Cir. 2021) (citing and quoting *In re Tanner*, 2013 WL 2318848, at *4 (Bankr. N.D. Iowa 2013) (citing *In re Be-Mac Transp., Co.*, 83 F.3d 1020, 1025 (8th Cir. 1996); *In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. BAP 2004))).

Once an objection to a proof of claim is lodged, "[a]s a rebuttal to the Debtors' objection in this case, the claimant must at least establish that a claim exists." *Matter of Interco Inc.*, 137 B.R. 1002, 1002 (Bankr. E.D. Mo. 1992).

### III.    Argument: The Claim is Untimely

When the non-governmental claims bar date passed in this case, Mr. Glenn undertook to carefully assess the claims register with his counsel, and then proceeded to file a series of objections to proofs of claim that appeared to be improper in nature or otherwise not eligible for payment hereunder. *See* DE #40, 42, 44, 46. The Claim was not amongst those objected to at that juncture for one very simple reason: the Claim was not yet filed. It would not be until August 9, 2023 – more than a month after the subject claims bar date, and also more than a month after Mr. Glenn filed the aforementioned claims objections – that RDO would docket its Claim. When RDO did so, no motion for leave to late file a claim was docketed. And the Claim accordingly is – and at all times relevant has been – untimely and improper in nature.

2

The Federal Rules of Bankruptcy Procedure permit, *inter alia*, "…when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … **on motion made** after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

As noted by the Supreme Court of the United States, such a motion, once filed, is to be treated according to the equitable contours of the reasons, *vel non*, inviting the underlying tardiness:

> The "excusable neglect" standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases.4 The rules' differentiation between Chapter 7 and Chapter 11 filings corresponds with the differing policies of the two chapters. Whereas the aim of a Chapter 7 liquidation is the prompt closure and distribution of the debtor's estate, Chapter 11 provides for reorganization with the aim of rehabilitating the debtor and avoiding forfeitures by creditors. In overseeing this latter process, the bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization. This context suggests that Rule 9006's allowance for late filings due to "excusable neglect" entails a correspondingly equitable inquiry.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 389 (1993) (citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203 (1983); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527–528 (1984)). *See also*, *In re Nwonwu*, 362 B.R. 705, 707 (Bankr. E.D. Va. 2007) ("In chapter 11, a late-filed claim may be allowed where the failure to file was the result of excusable neglect.") (citing Fed. R. Bankr.P. 3003(c)(3) and 9006(b)(1); *Pioneer Inv. Servs. Co.*, 507 U.S. 380; *In re Quartercall Commc'ns, Inc.*, 1996 WL 910910 (Bankr. E.D. Va. 1996)).

Here, the claims bar date for non-governmental actors was July 3, 2023. *See* Notice of Chapter 11 Bankruptcy Case, DE #10, at § 8. The Claim was signed on August 7, 2023 and docketed on August 9, 2023. *See* Claim at p. 4. And no correlative motion, under Federal Rule of Bankruptcy Procedure 9006 was filed with the Claim, nor has one been docketed at any time since.

3

This is particularly problematic since the instant case is a proceeding under Subchapter V of Chapter 11 of the Bankruptcy Code, "a fast-tracked process aimed at giving the qualifying debtor a less expensive and accelerated path to reorganize its business affairs, such as the exclusive right to file a plan during the first 90 days of the subchapter V case, which period can neither be reduced nor terminated." *In re Online King LLC*, 629 B.R. 340, 350 (Bankr. E.D.N.Y. 2021) (citing 11 U.S.C. § 1189(a); *In re Ventura*, 615 B.R. 1, 12 (Bankr. E.D.N.Y. 2020); *In re Seven Stars on the Hudson Corp.*, 618 B.R. 333, 340 (Bankr. S.D. Fla. 2020)).

The Claim here was docketed *after* Mr. Glenn filed his plan of reorganization on July 24, 2023. DE #54. And, given the size of the Claim, allowance of such would potentially change the construct of the plan, materially impacting the distributions made to creditors thereunder. Meanwhile, RDO has been on notice of this case since its incipiency, being scheduled as a disputed creditor and being on the original creditor matrix herein. *See* Creditor Matrix, DE #1, at p. 73.

The Claim is thusly untimely in nature and should be disallowed as such. It is not merely that RDO has failed to show why it should be given an extension of time; it is, too, that the record, as it presently exists, shows only that RDO received the same notice as every other creditor herein and nonetheless tardily filed a claim that, in turn, would work potential prejudice upon those creditors who abided by the deadlines fixed by this Honorable Court.

**IV.     Argument: RDO Must Provide Supporting Documentation**

Even assuming, arguendo, RDO was permitted to late-file its Claim, such would still merit disallowance for the simple reason that the Claim does not evidence any debt owed to RDO by Mr. Glenn. The sole invoice attached to the filing is, facially, summary indicia of a series of putative debts owed solely by Silver Fox, wholly bereft of Mr. Glenn's name. The invoice is not addressed to Mr. Glenn, no guaranty of Mr. Glenn is appended, and there is no suggestion that Mr.

4

Glenn personally used the goods provided by RDO. There is thusly a need, under governing rules, to establish what – if any – written instrument serves to transmute a debt of Silver Fox into a joint debt of Silver Fox and Mr. Glenn.

The Federal Rules of Bankruptcy Procedure provide that "when a claim … is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim." Fed. R. Bankr. P. 3001(c)(1).[1]

Here, by failing to attach the writings upon which Mr. Glenn's alleged personal obligation is based, RDO has failed to present its Claims in a form that is compliant with applicable rules. And this has left Mr. Glenn without the ability to ascertain whether or not he is genuinely obligated on the debt for which payment is now sought.

**V.     Conclusion**

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) disallow the Claim; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 27, 2023     By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

*[Certificate of Service on Following Page]*

---

[1] There is an exception to this provision for consumer debts. Fed. R. Bankr. P. 3001(c)(1, 3). It does not appear the Claim is for a consumer debt, inasmuch as the invoice is addressed to a company.

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of August, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being thereby sent to:

Sarah J. Wencil, Esq.
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415
sarah.j.wencil@usdoj.gov
*Counsel for the US Trustee*

Thomas Kapusta, Esq.
P.O. Box 90624
Sioux Falls, South Dakota 57109
tkapusta@aol.com
*Subchapter V Trustee*

Douglas W. Murch, Esq.
CONMY FESTE LTD.
P.O. Box 2686
Fargo, North Dakota 58108-2686
dmurch@conmylaw.com
*Counsel for Ford Motor Credit Company LLC*

Katelyn Krabbenhoft, Esq.
HALLIDAY, WATKINS & MANN, P.C.
376 East 400 South, Suite 300
Salt Lake City, Utah 84111
*Counsel for Wells Fargo Bank, N.A.*

John M. Krings, Jr., Esq.
Kaler Doeling, PLLP
3429 Interstate Boulevard South
PO Box 9231
Fargo, North Dakota 58106-9231
*Counsel for Lighthouse Management Group Inc.*

Kathryn A. Klein, Esq.
Riezman Berger, P.C.
7700 Bonhomme Avenue, 7th Floor
St. Louis, Missouri 63105
*Counsel for JPMorgan Chase Bank, N.A.*

I FURTHER CERTIFY that once notice of this objection and any hearing thereupon is issued by this Honorable Court, a copy of the same will be served on RDO, pursuant to applicable rules, with a certificate of service filed thereafter.

/s/ Maurice B. VerStandig
Maurice B. VerStandig