UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In Re:                                                                              Bankruptcy No. 23-30132

Christopher Wayne Glenn,                                         Chapter 11, Subchapter V
aka Christopher Glenn,

                    Debtor.
_____/

## ORDER CONFIRMING DEBTOR'S SUBCHAPTER V
## PLAN OF REORGANIZATION

Debtor Christopher Wayne Glenn filed his Subchapter V Plan of Reorganization on July 24, 2023.  Doc. 54.  He served the plan and notice of confirmation hearing and related deadlines.  The United States Trustee, ACAR Leasing Ltd. d/b/a GM Financial Leasing and Nationstar Mortgage, LLC, filed objections.  Docs. 73, 78 and 79.  Lund Oil, Inc., the only creditor to return a ballot, voted to accept the plan.  Doc. 88.  Prior to the confirmation hearing, Debtor negotiated with the parties that filed objections and prepared an amended plan, which he attached to his Response to Objections to Plan Confirmation.  Doc. 89.

The Court held a confirmation hearing on August 28, 2023.  Prompted by concerns and representations during the hearing, Debtor filed Christopher Wayne Glenn's First Amended Subchapter V Plan of Reorganization.  Doc. 96.  Upon review of the First Amended Subchapter V Plan, the Court finds that the revisions in it do not adversely affect the substantive rights of creditors and other interested parties who received notice of the original plan.

Based on the original plan and revisions to it (Docs. 54, 96), the plan exhibits, the Affidavit of Christopher Wayne Glenn in Support of Confirmation (Doc. 87) and other evidence received at the hearing, and for the reasons stated on the record, the Court finds:

1. The First Amended Subchapter V Plan includes a brief history of Debtor's business operations, a liquidation analysis and projections showing Debtor's ability to make payments under the plan.

2. The liquidation analysis and other evidence establishes that, with respect to each impaired class, each holder of an Allowed Claim has voted to accept the First Amended Subchapter V Plan, deemed to have accepted the plan or will receive under the plan on account of such Allowed Claim property of a value, as of the Effective Date, that is not less than the amount such holder would receive if Debtor liquidated his assets on the Effective Date under Chapter 7 of the Bankruptcy Code.  As a result, the requirements of 11 U.S.C. § 1129(a)(7) are satisfied.

3. Debtor's cash flow projections and supporting testimony establish Debtor will generate earnings or other income sufficient to meet his needs and make his proposed payments over the term of the plan.  Accordingly, the plan is feasible.

4. The First Amended Subchapter V Plan meets the applicable requirements of 11 U.S.C. §§ 1129(a) and 1191.

5. The term of the First Amended Subchapter V Plan is reasonable and appropriate under the circumstances.

6. Debtor is making his best efforts and has proposed the First Amended Subchapter V Plan in good faith and not by any means forbidden by law.

7. The First Amended Subchapter V Plan is a nonconsensual plan.  The Court finds that the plan does not discriminate unfairly and is fair and equitable.

8. Based on the terms of the plan, the Subchapter V Trustee will act as disbursing agent. If he resigns or becomes unavailable, the United States Trustee will appoint a new disbursing agent. After Debtor obtains his discharge under section 1192, the Subchapter V Trustee will file his final report and account of the administration of the estate in accordance with section 1183(b)(1).

Accordingly, IT IS ORDERED that Christopher Wayne Glenn's First Amended Subchapter V Plan of Reorganization [Doc. 96] filed on August 28, 2023, is CONFIRMED under 11 U.S.C. § 1191(b).

Dated: August 30, 2023.

SHON HASTINGS, JUDGE
U.S. BANKRUPTCY COURT