IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30132 |
| | ) | (Chapter 11) |
| CHRISTOPHER WAYNE GLENN | ) | |
| | ) | |
| Debtor. | ) | |

### MOTION TO AMEND CONFIRMED PLAN OF REORGANIZATION

Comes now Christopher Wayne Glenn ("Mr. Glenn" or the "Reorganized Debtor"), by and through undersigned counsel, pursuant to Section 1193 of Title 11 of the United States Code, and moves to amend the plan of reorganization (the "Plan," as found at DE #96) confirmed by this Honorable Court on August 30, 2023 (the "Confirmation Order," as found at DE #97), and in support thereof states as follows:

Mr. Glenn reasonably anticipates that he will, within the next 90 calendar days, be in a position to make a payment that retires the majority—albeit potentially not the whole—of his obligations under the Plan. There will still be some tax-centric issues to be addressed, and Mr. Glenn assuredly is not looking to affirmatively bind himself to the early satisfaction of his various obligations. However, in preparation for the making of a large payment, he does believe it prudent to amend the Plan so as to streamline the disbursement mechanism set forth therein.

As of present, the Plan provides for the Subchapter V trustee to serve as a disbursing agent. Plan, DE #96, at § 8.06. That mechanism has, however, invited some logistical anomalies, insofar as Mr. Glenn is a natural person and having the Subchapter V trustee act as a disbursing agent would require certain actions vis a vis the opening of a trust account and the filing of various tax-centric documents. These anomalies will cause the unnecessary incursion of administrative expenses and, equally, potentially serve to delay the receipt of payments by creditors in this case.

1

These anomalies may, however, be vitiated by amending the Plan to make Mr. Glenn his own disbursing agent. There are only 20 creditors that are to be paid by the disbursing agent in this case (with Mr. Glenn making direct payments on the other obligations under the Plan), and the Reorganized Debtor can facilitate those payments with relative ease—especially if the bulk (or whole) of such payments are to be made in a single, advanced installment.

Under Title 11 of the United States Code (the "Bankruptcy Code"), a confirmed Subchapter V plan may be amended after confirmation:

> If a plan has been confirmed under section 1191(a) of this title, the debtor may modify the plan at any time after confirmation of the plan and before substantial consummation of the plan, but may not modify the plan so that the plan as modified fails to meet the requirements of sections 1122 and 1123 of this title, with the exception of subsection (a)(8) of such section 1123. The plan, as modified under this subsection, becomes the plan only if circumstances warrant the modification and the court, after notice and a hearing, confirms the plan as modified under section 1191(a) of this title.

11 U.S.C. § 1193(b).

Here, the proposed amended plan (attached hereto as Exhibit A, with a redline being attached as Exhibit B) will not change the amount of payments due to any party in interest and, as such, will necessarily not change the general analysis previously undertaken at the time of confirmation. The amended plan, rather, will simply alter the disbursing agent, so as to allow Mr. Glenn to make payments himself, and will thereby promote a greater efficiency that benefits all parties in interest.

WHEREFORE, Mr. Glenn respectfully prays this Honorable Court (i) permit amendment of the Plan, in the form attached hereto as Exhibit A; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: August 5, 2024  By:  /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for Mr. Glenn*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of August, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies being thereby sent to:

Sarah J. Wencil, Esq.
Office of the U.S. Trustee
Suite 1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415
sarah.j.wencil@usdoj.gov
Counsel for the US Trustee

Thomas Kapusta, Esq.
P.O. Box 90624
Sioux Falls, South Dakota 57109
tkapusta@aol.com
Subchapter V Trustee

Douglas W. Murch, Esq.
CONMY FESTE LTD.
P.O. Box 2686
Fargo, North Dakota 58108-2686
dmurch@conmylaw.com
Counsel for Ford Motor Credit Company LLC

Katelyn Krabbenhoft, Esq.
HALLIDAY, WATKINS & MANN, P.C.
376 East 400 South, Suite 300
Salt Lake City, Utah 84111
Counsel for Wells Fargo Bank, N.A.

John M. Krings, Jr., Esq.
Kaler Doeling, PLLP
3429 Interstate Boulevard South
PO Box 9231
Fargo, North Dakota 58106-9231
Counsel for Lighthouse Management Group Inc.

Kathryn A. Klein, Esq.
Riezman Berger, P.C.
7700 Bonhomme Avenue, 7th Floor
St. Louis, Missouri 63105
Counsel for JPMorgan Chase Bank, N.A.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

3