IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-30132 |
| | ) | (Chapter 11) |
| CHRISTOPHER WAYNE GLENN | ) | |
| | ) | |
| Debtor. | ) | |

**AMENDED DECLARATION IN SUPPORT OF
APPLICATION TO APPROVE EMPLOYMENT OF
MAURICE B. VERSTANDIG, ESQ. AND THE
DAKOTA BANKRUPTCY FIRM AS GENERAL
<u>REORGANIZATION COUNSEL TO CHRISTOPHER WAYNE GLENN</u>**

1. My name is Maurice VerStandig, I am over the age of eighteen, and I am competent to testify to the matters set forth herein.

2. Except as expressly disclosed herein, the representations made in my prior declaration in this case, DE #3-1, remain true and accurate.

3. On August 2, 2024, my firm and I were engaged to represent C M Heavy Machinery, LLC ("CMHM") in connection with a then-contemplated Chapter 11 case.

4. On August 8, 2024, acting on behalf of CMHM, I filed a voluntary petition for Chapter 11 relief in the United States Bankruptcy Court for the Eastern District of Oklahoma. *See In re C M Heavy Machinery, LLC,* Case No. 24-80617 (Bankr. E.D. Okla. 2024).

5. Shortly after filing the petition for relief, I filed an application to be employed as CMHM's reorganization counsel, wherein I disclosed my representation of Christopher Wayne Glenn ("Mr. Glenn"). *Id.* at DE #4-1.

6. CMHM was scheduled as a creditor, holding a disputed claim of $290,091.90, in Mr. Glenn's case. DE #1 at p. 10, ln. 7.

1

7. CMHM filed a proof of claim, for $500,000.00, in Mr. Glenn's case, Claims Register #6, to which Mr. Glenn objected, DE #42, with said objection subsequently being sustained, DE #66.

8. The time to appeal the order sustaining Mr. Glenn's objection to the claim of CMHM had expired—by more than 11 months—before I was first contacted by CMHM's principal about potentially serving as bankruptcy counsel to the entity.

9. The schedules filed with CMHM's bankruptcy petition show $19,152,335.55 in assets and $5,491,300.85 in liabilities. *See In re C M Heavy Machinery, LLC,* Case No. 24-80617 (Bankr. E.D. Okla. 2024) at DE #1, p. 13. While the disallowance of a $500,000.00 claim in this case was, no doubt, material to CMHM; and while the theoretical interweaving and correlation of all events—the so-called "butterfly effect"—is a fascinating philosophical premise of which I do not feign the most sophisticated understanding; I do not reasonably believe the disallowance of CMHM's claim in this case to have been the event that most directly precipitated the need for CMHM to seek Chapter 11 relief. Rather, it is my best understanding that CMHM losing more than $12 million of inventory to a fire, and having a lender thereafter seek to replevin the majority of the entity's remaining tangible assets, were the events most directly correlative to CMHM needing to seek bankruptcy relief.

10. Mr. Glenn was made aware of my contemplated representation of CMHM before such was formalized and before CMHM sought bankruptcy relief; CMHM has been aware, at all times relevant, that I am Mr. Glenn's counsel.

11. I do not believe these two representations create an impermissible conflict of interest because CMHM's ability to participate in this case lapsed long before I ever became

CMHM's counsel, with my representation of Mr. Glenn—as it relates to the claim of CMHM—having effectively ended nearly a year ago.

I, Maurice VerStandig, pursuant to Section 1746 of Title 29 of the United States Code, do hereby declare, under the penalty of perjury, that I have personal knowledge of the matters set forth herein and the foregoing are true and correct.

Dated: August 14, 2024          By:     /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig, Esq.
                                        The Dakota Bankruptcy Firm
                                        1630 1st Avenue N
                                        Suite B PMB 24
                                        Fargo, North Dakota 58102-4246
                                        Phone: (701) 394-3215
                                        mac@dakotabankruptcy.com